UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREGORY A. FIGEL,

    Petitioner,

v.                                                    Case No. 2:05-cv-171
                                                       HON. RICHARD ALAN ENSLEN

TIM LUOMA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Gregory A. Figel filed this petition for writ of habeas corpus challenging the validity of his April 27, 2004, misconduct guilty finding for insolence. As a result of the finding, Petitioner lost five days of good time credit. Petitioner claims that he was denied his right to appeal and that his due process rights were violated. Petitioner's request for a rehearing was denied.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district

court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This

presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Respondent first argues that petitioner never attempted to exhaust his claim in the state courts. Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

It is clear that petitioner never sought review of his claims in the Michigan Court of Appeals or the Michigan Supreme Court. Further, petitioner never properly presented his claims to the Circuit Court. Petitioner has asserted that he was barred from bringing his claim under MCL § 600.2963(8). Petitioner attached a form letter to this complaint. The form letter is not case specific.

There is no indication that the form letter relates to this case. The letter has a handwritten date October 20, 2004, and states that the amount due is $150.00. The letter reads:

> This Court has received your pleadings. MCL 600.2963(8) provides:
>
>> A prison who has failed to pay outstanding fees and costs as required under this section shall not commence a new civil action or appeal until the outstanding fees and costs have been paid.
>
> Our records indicate that you owe the 30th Circuit Court fees or costs or both. Therefore, in accordance with MCL 600.2963(8) the Court will not be able to file your pleadings until the outstanding balance has been paid in full. Your pleadings are being returned to you.

It appears that petitioner never sought further judicial review of this alleged denial of his petition. *See Bridges v. Collette*, 2008 WL 53771, *slip op.* (W.D. Mich. Jan. 2, 2008), holding that Mich. Comp. Laws § 600.2963(8), read in conjunction with § 600.2963(7), was constitutional because judges are allowed to waive the rejection of suits brought by indigent suitors with unpaid balances.

Moreover, even if the court reviewed the petition, the claims clearly lack merit. The hearing officer concluded:

> INSOLENCE: On 4/7/04 the prisoner stated to the officer, "Savera, you dumb ass bitch. I told you to mail this the last round." This statement was made to harass and degrade the officer as there was no other purpose for his comment. Prisoner intended to harass and degrade the officer as looked right at the officer when the officer was in front of his cell. Prisoner claims that this was not said, but by the time that the prisoner was finished with his investigation and his presentations at this two hearings, he left no doubt that this incident happened as described by the officer. First, the prisoner wanted the video to show if the two officers were in front of his cell. Not only did the video show that the two officers were in front of his cell, it also showed that there was some type of problem due to the fact that Hill came across the hall over to Savera in front of the prisoner's cell and due to the extended time that the officers spent in front of the prisoner's cell. Second, the video also shows the sergeant picking up mail from the prisoner's cell just before the officers made their found - which would explain why the prisoner would complain to the officer

about his mail.  Third, prisoner also established beyond a doubt that he was upset over his ventilation system.  No doubt when Savera had the prisoner put up a piece of paper in front of his vent to show him that there wasn't a problem with the ventilation, this annoyed the prisoner and that is explain why he would suddenly unleash about the mail.  Fourth, prisoner went into great deal about things that happened over a year involving staff on another shift but spent next to no time explaining what happened when the officer was at his cell front at the time in question, even though the officer was there for an extended period of time.  Fifth, prisoner's witnesses obviously prepared their statements together and none of them were credible.  Officer factual and credible in his claims and supported by a statement from Hill.  Officer's follow up statement was consistent with the video that the prisoner had requested.  Charge upheld.

* * *

VIDEO:   Hearing Officer is holding the video to be confidential as it is from the institution's security camera system.  Release of the video would disclose the range and scope of camera coverage and jeopardize institutional security.  Prisoner not prejudiced by this finding as contents released to the extent mentioned above and prisoner given an opportunity to comment.  It should be noted that only the video from the time of the incident was obtained.  Video as to other times was not obtained.  Prisoner wanted the video to prove that his mail was picked up three times that day.  it is not necessary to verify that as no one is claiming otherwise.  Prisoner also wanted the video to check of the officer picked up his mail on the round prior.  Prisoner failed to establish that this is relevant or necessary.  The prisoner makes no claim that the officer had picked up the prisoner's mail on the round prior and neither does the officer.

WITNESSES:  Prisoner requested 21 prisoner witnesses.  This is excessive, especially since all the prisoners were in their cells.  Three was sufficient.   Prisoner also requested statements from staff verifying that he has been complaining about the ventilation in his cell.  Prisoner has been [sic] than adequately proved that he has been complaining.  It is not necessary to verify that when that is not in dispute.  It is also irrelevant how many times that the ventilation has been checked, if work orders have been submitted and if complaints have been logged.  No mater what the evidence shows on these points, it wouldn't prove what was said at the time in question.  No error in not submitting questions to staff on issues surrounding the cell's ventilation.

- 5 -

> GRIEVANCES: Prisoner claims he has filed 41 grievances against staff for retaliation. No one is claiming otherwise. It is not necessary to verify that what is not in dispute.
>
> QUESTION: Prisoner wanted the officer asked if the officer still picked up his mail and put it in his mail box. Prisoner failed to establish why this is relevant. No matter how answered, it wouldn't prove if the prisoner had made the comment or not.
>
> POLYGRAPH: Polygraph tests are irrelevant as they are inadmissible into evidence.

A federal court may not issue a writ of habeas corpus on the basis of a perceived error of state law. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Engle v. Isaac*, 456 U.S. 107, 119 (1982); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). Under Michigan law a prisoner is entitled to notice of a hearing, and the opportunity to present evidence and arguments. M.C.L. § 791.252. A hearing officer is not bound by state or federal evidentiary rules, but rather may consider "evidence of the type commonly relied upon by reasonably prudent persons in the conduct of their affairs." *Id.* Further, a hearing officer may deny a prisoner access to evidence that may pose a security concern if disclosed. *Id.* Petitioner has failed to show that his constitutional rights were violated at his misconduct hearing.

Further, the hearing officer's conclusion that Petitioner was guilty of the misconduct charge was supported by the record. It is clear that Petitioner received due process of law, and that he cannot support any claim that his constitutional rights were violated during the misconduct hearing. Prison inmates subject to serious disciplinary action are entitled to (1) 24 hours advance written notice of the charges; (2) an opportunity to appear at a hearing, to call witnesses, and present rebuttal evidence when permitting the inmate to do so will not be unduly hazardous to institutional safety; and (3) a written statement by the factfinders as to the evidence relied upon for their decision which includes a statement as to the reasons for the decision. *Wolff v. McDonnell*, 418 U.S. 539,

564-66 (1974). If the prisoner received these procedural protections, and if there were "some facts" to support the decision of the hearings officer, then the prisoner received all the process to which he was due. *Superintendent of Massachusetts Institute, Walpole v. Hill*, 472 U.S. 445 (1985). Petitioner has failed to show that his constitutional rights were denied.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Petitioner failed to exhaust his claim in the state courts and also received due process during his misconduct hearing. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   May 15, 2008